*E-filed on*   9/20/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CYGNUS TELECOMMUNICATIONS TECHNOLOGY, LLC, PATENT LITIGATION<br><br>THIS ORDER RELATES TO:<br>    C-06-03843 RMW<br>    C-06-04295 RMW | No. MDL-1423<br>This Order Applies to<br>    C-06-03843 RMW<br>    C-06-04295 RMW<br><br>ORDER RE NEWLY-ADDED MDL ACTIONS |

On September 8, 2006, the court issued an order to show cause why defendants in two actions transferred to this court by the MDL Panel should not be required to abide by this court's June 21, 2006 scheduling order. The order to show cause also discussed a case for which transfer to this court is pending and ordered plaintiff to "inform the court of any cases pending in other districts that the MDL Panel is likely to transfer here."

### I. CYGNUS v. AMERICAN INTERNATIONAL TELEPHONICS

Cygnus initiated the action *Cygnus Telecommunications Technology, LLC v. American International Telephonics, LLC*, on January 26, 2006 in the Central District of California as case no. 06-cv-00508-DT-SS. By ordered dated May 18, 2006, the MDL Panel ordered the case transferred here. The clerk of this court received the file from the Central District on June 20, 2006; the action is now pending here as case no. C-06-03843.

ORDER RE NEWLY-ADDED MDL ACTIONS—MDL-1423
JAH

Only defendants International Telecom Exchange Group, Inc. ("ITEG") and TremCom International, Inc. have had counsel enter an appearance in the case; they are represented by the same attorney. On June 21, 2006, the court issued a scheduling order setting dates leading up to a claim construction hearing on November 20, 2006. The scheduling order did not refer to case no. C-06-03843 and the court did not mail a copy of that order to defense counsel in that action. The court's next order, however, was a miscellaneous order dated July 14, 2006, and was mailed to defense counsel in that action. In that order, the parties were instructed to discuss the feasibility of ITEG and TremCom following the June 21, 2006 scheduling order. The defendants' liaison counsel reported back that counsel for ITEG and TremCom was unwilling to participate because she thought (erroneously) that the case had not yet been transferred here.

A hearing was held before the court on August 18, 2006 to work out details of the schedule leading up to the November 20 claim construction hearing. The court issued an order setting dates on August 21, 2006. Counsel for ITEG and TremCom states that she received this order on September 4, 2006.

ITEG and TremCom responded to the September 8, 2006 order to show cause. They argue that they cannot in the short time remaining prepare for a claim construction hearing on November 20. They also state that ITEG did not use any technology covered by Cygnus's patents and that TremCom formerly made limited use of call-back technology but no longer do so, and that they have made a settlement offer to Cygnus.[1]

Had ITEG and TremCom begun participating in this action upon receipt of the July 14, 2006 order, the court would have been more receptive to their arguments that there is insufficient time for them to prepare for the November 20, 2006 hearing. ITEG and TremCom could have appeared at the August 18, 2006 hearing and been able to present their positions on the current schedule. However, given the nature of the case, the materials available to ITEG and TremCom and the number of other defendants with similar interests, the court finds that ITEG and TremCom can and

---

[1] ITEG and TremCom state that "Neither Defendants nor their counsel has been served with or otherwise seen the June 21, 2006 Scheduling Order." That order is available on the court's electronic filing system on the master docket for this MDL action. It seems odd that ITEG and TremCom would not have seen or obtained a copy of the order by September 13, 2006. Defendants do not state whether or not they received the court's July 14, 2006 order.

ORDER RE NEWLY-ADDED MDL ACTIONS—MDL-1423
JAH                                                                 2

1  shall adhere to the schedule set by the court leading up to the November 20, 2006 claim construction
2  hearing.
3        The court is aware that under that schedule, the parties must submit a joint claim
4  construction statement to the court on September 22, 2006.  The court will give ITEG and TremCom
5  until October 18, 2006 to file a separate claims construction statement on any claim term that they
6  submit should be defined differently than proposed by any defendant.[2]  ITEG and TremCom should
7  be aware that Kieran Fallon has been appointed liaison counsel for the defendants in this MDL
8  proceeding, and said counsel will act as liaison counsel for ITEG and TremCom absent a showing of
9  good cause why he should not so act.
10        **II.  CYGNUS v. WORTHINGTON**
11        Plaintiff initiated *Cygnus Telecommunications Technology, LLC v. Worthington* in the
12  District of Arizona on February 17, 2006 as case no. 06-cv-00515-FJM.  The case was ordered
13  transferred here by the MDL Panel and was received on July 13, 2006 and assigned case no.
14  C-06-04295.  No defendant has yet been served.
15        In response to this court's September 8, 2006 order to show cause, Cygnus reports that it has
16  attempted to serve the defendants in that action but that they "have evaded service of process."
17  Cygnus also states that it has hired a private investigator in an attempt to track the defendants down.
18  Cygnus requests until December 15, 2006 to attempt to serve the defendants.
19        Rule 4(m) requires service to be made "within 120 days after the filing of the complaint."
20  Cygnus has failed to effect service upon any of six defendants for approximately 210 days since it
21  filed its complaint in this action.  Rule 4(m) also provides that "if the plaintiff shows good cause for
22  the failure, the court shall extend the time for service for an appropriate period."  The court will give
23  Cygnus the additional ninety days its requests, but the court expects Cygnus to have commenced
24  service by publication by the end of the extension period if personal service has not been effected.  If
25  any defendant in this action remains unserved on December 15, 2006, Cygnus shall show cause by

---

27  [2] Were the court not to require ITEG and TremCom to participate in the November 20, 2006 claim construction hearing, the court anticipates that after it issued a claim construction order, either ITEG
28  and TremCom or Cygnus would argue that that order should be given preclusive effect against the other side.

ORDER RE NEWLY-ADDED MDL ACTIONS—MDL-1423
JAH      3

1  declaration filed by December 20, 2006 why that defendant has not been served, and why a further
2  extension would be "an appropriate period" under Rule 4(m).

### III.  CYGNUS v. MAJOSA

The action *Cygnus Telecommunications Technology, LLC v. Majosa Communications Corp.*, pending in the Central District of California as case no. 05-cv-04272-R-CT, was ordered transferred here by the MDL Panel on August 25, 2005.  It is unclear why the file has not been physically transferred.  In any event, the clerk of this court requested transfer of the file from the Central District of California on August 14, 2006, but has not yet received it.  Cygnus reports that both defendants in that action have been served.  Upon receipt by the clerk of this court of the case file from the Central District of California, Cygnus shall serve this order, the June 21, 2006 scheduling order, and the August 21, 2006 order setting dates upon both defendants in this action, and within thirty days of such service, the parties shall submit to the court a joint scheduling proposal addressing the best way to integrate this action into MDL proceedings here.

### IV.  OTHER ACTIONS

In the September 8, 2006 order to show cause, plaintiff was instructed to "inform the court of any cases pending in other districts that the MDL Panel is likely to transfer here."  Plaintiff did not identify any such cases.  To assist the court with scheduling, if Cygnus initiates any new actions for infringement of U.S. Patent Nos. 5,883,964 or 6,035,027 in any court, Cygnus shall inform this court within five business days.

DATED:      9/20/06

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

| | | |
|---|---|---|
| 1 | **A copy of this order was mailed on _____ to:** | |
| 2 | **Counsel for Plaintiff:** | **Counsel for Defendants:** |
| 3 | John P. Sutton | Kieran Patrick Fallon |
|   | 2421 Pierce Street | 436 SW 8th Street |
| 4 | San Francisco, CA 94115-1131 | Miami, FL 33130-2814 |
| 5 | Gregory J. Nelson | Meredith L. Caliman |
|   | Nelson & Roediger | Meredith L. Caliman Law Offices |
| 6 | 3333 E Camelback Road | 3858 Carson Street, Suite 120 |
|   | Suite 212 | Torrance, CA 90503-6705 |
| 7 | Phoenix, AZ 85018 | |
|   | | **Courtesy Copy:** |
| 8 | Peter Neil Greenfeld | |
|   | Greenfeld Law Group | Clerk of the Panel |
| 9 | 3333 E Camelback Road | Judicial Panel on Multidistrict Litigation |
|   | Suite 212 | Thurgood Marshall Federal Judiciary Building |
| 10 | Phoenix, AZ 85018-2324 | One Columbus Circle, N.E. |
|   | | Room G-255, North Lobby |
| 11 | | Washington, DC  20002-8004 |
| 12 | Counsel shall distribute copies of this order to co-counsel, as necessary. | |

ORDER RE NEWLY-ADDED MDL ACTIONS—MDL-1423
JAH                                                   5