**United States District Court**
For the Northern District of California

E-FILED on    08/05/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYGNUS TELECOMMUNICATIONS TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL TELEPHONICS, LLC and MICHAEL FRAMER<br><br>Defendants. | Case No. MDL-01423 RMW<br><br>Case No. C-06-03843<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND STAYING THE ACTION<br><br>**[re: docket no. 47]** |

Defendants American International Telephonics, LLC, ("AIT") and Michael Framer (collectively, "Defendants") move to dismiss the complaint filed by Plaintiff Cygnus Telecommunications Technology, LLC ("Cygnus"). The Court has considered the moving and responding papers and the oral arguments presented at the July 28, 2008 hearing. For the reasons discussed below, the motion to dismiss is granted and the action is stayed.

## I. BACKGROUND

This is one of several actions Cygnus filed against numerous companies alleged to have infringed Cygnus's U.S. Patent Nos. 5,833,964 ("the '964 patent") and 6,035,027 ("the '027 patent"). Cygnus initiated the instant action on June 26, 2006 in the Central District of California as case number 06-CV-00508-DT-SS. By order dated May 18, 2006, the MDL Panel ordered the case

transferred to this Court. The clerk of this court received the file from the Central District on June 20, 2006; the case was assigned to this Court as Action No. C-06-03843. On March 30, 2007, the Court entered an order ("the Order") in the consolidated case construing the claims of the '964 and '027 patents and held the patents invalid under 35 U.S.C. §102(b).[1]

After the issuance of the Order, Cygnus moved for entry of default against AIT. On October 9, 2007, the Clerk entered default as to AIT. AIT moved to set aside the default. Because AIT was never properly served in the case, the Court granted AIT's motion to set aside the default. The Court gave Cygnus ten days to amend the complaint and to properly serve AIT. Cygnus amended the complaint, added Michael Framer as a Defendant, and served the complaint on Defendants. Defendants now seek to dismiss the complaint based on collateral estoppel. The Court heard oral argument on July 25, 2008.

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Argabright v. United States*, 35 F.3d 472, 474 (9th Cir. 1994). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996); *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988); *Beezley v. Fremont Indemnity Co.*, 804 F.2d 530, 531 (9th Cir. 1986).

## III. DISCUSSION

In this case, Cygnus alleges that the Defendants infringe the '964 and '027 patents. As stated above, the Court held those patents invalid based on an on-sale bar under § 102(b). Defendants assert that Cygnus is collaterally estopped from asserting those patents against the Defendants in the instant case because the patents were previously determined to be invalid by this Court and the

---

[1] Defendants ask the Court to take judicial notice of the Order. The Court grants the request.

judgment of invalidity is a final judgment. Cygnus asserts that the patents are not invalid. Cygnus further asserts that it is not collaterally estopped because it has not exhausted its appellate remedies.

"Collateral estoppel, also known as issue preclusion, shields a defendant from having to litigate issues that have been fully and fairly tried in a previous action and decided adversely to a party." *Pharmacia & Upjohn Co. v. Mylan Pharms.*, Inc. 170 F.3d 1373, 1379 (Fed. Cir. 1999). As set forth by the Supreme Court in *Blonder-Tongue Labs v. Univ. of Il. Found.*, 402 U.S. 313, 333 (1971), in the patent infringement case, a judgment of invalidity in a case collaterally estops the patent owner from asserting validity of those patent in another case.

Here, Cygnus asserts that it is not subject to collateral estoppel because the Court incorrectly held the patents invalid in the consolidated case. However, the focus for purposes of determining whether collateral estoppel applies is not whether the issue was correctly decided. Rather the focus is simply whether Cygnus has a full and fair opportunity to argue the validity of the '964 and '027 patents in the consolidated case. *See Stevenson v. Sears, Roebuck & Co.*, 713 F.2d 705, 709 (Fed. Cir. 1983) ("[A]n inappropriate inquiry is whether the prior finding of invalidity was correct; instead the court is only to decide whether the patentee had a full and fair opportunity to litigate the validity of his patent in the prior unsuccessful suit."). It is not disputed that Cygnus had a full and fair opportunity to litigate the validity of the patents in the consolidated case. Cygnus filed extensive briefs on the issue of validity of the patents and appeared and argued the issue before the Court. Thus, because Cygnus had a full and fair opportunity to litigate the validity of the patents in the prior unsuccessful suit, it is subject to collateral estoppel. *See Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1577 (Fed. Cir. 1994) ("[O]nce the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the benefit of the invalidity decision under the principles of collateral estoppel.").

Furthermore, the pendency of an appeal does not prevent this Court from applying collateral estoppel. *Pharmacia & Upjohn Co.,* 170 F.3d at 1381 ("[T]he law is well settled that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding."); *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 883 (9th Cir. 2007) ("[W]e have held that the benefits of giving a

judgment preclusive effect pending appeal outweigh any risks of a later reversal of that judgment."). For these reasons, Cygnus is collaterally estopped from pursing the claims of the complaint against the Defendants at this time.  Accordingly, the motion to dismiss will be granted.  The Court will stay the action pending the outcome of the appeal in the consolidated case.[2]  *See Collins,* 505 F.3d at 882-83.

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss by Defendants is granted and the action is stayed pending the outcome of the appeal in the consolidated case.

DATED:  August 5, 2008

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[2]  At oral argument Defendants did not oppose the issuance of a stay in the instant action.

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

John P. Sutton          johnpsutton@earthlink.net

**Counsel for Defendants:**

Stephen W. Bucher       info@bucherlaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** August 5, 2008                           /s/ JSS
                                         **Chambers of Judge Whyte**

Case 5:06-cv-03843-RMW   Document 54   Filed 08/05/08   Page 6 of 6